**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES CARROLL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07 C 2547 |
| | ) | Wayne R. Andersen |
| DANIEL AUSTIN, Acting Warden, | ) | District Judge |
| Shawnee Correctional Center | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss the petitioner Charles Carroll's petition for writ of habeas corpus. For the following reasons, the motion to dismiss is granted without prejudice.

## BACKGROUND

On December 17, 1999, petitioner was convicted of six counts of aggravated criminal sexual assault following a bench trial in the Circuit Court of Lake County and was sentenced to concurrent prison terms of 8 years for Counts I, III, IV, and V, and 14 years for Count II. He was also sentenced to 14 years in prison for Count VI, which was imposed consecutively to the other sentences. The trial court denied petitioner's motion to reconsider his sentence. On February 23, 2001, the Illinois Appellate Court affirmed petitioner's conviction. On March 16, 2001, the Appellate Court denied petitioner's pro se petition for rehearing. Petitioner then filed a petition for leave to appeal in the Illinois Supreme Court, which was denied on June 29, 2001.

Petitioner filed a post-conviction petition in the Circuit Court of Lake County on January 25, 2002, which the court dismissed on May 7, 2004. Upon appeal of the post-conviction

petition, petitioner argued that his appellate counsel and post-conviction counsel performed ineffectively by failing to raise a one-act, one-crime rule violation. The state conceded that three of petitioner's convictions should be vacated under the one-act, one-crime rule and argued that petitioner's sentences were void, because the trial court was statutorily required to impose consecutive sentences for the three valid convictions. On March 29, 2006, the Illinois Appellate Court vacated petitioner's convictions on Counts IV, V, and VI, affirmed his convictions on Counts I, II, and III, and remanded the case for resentencing and the imposition of consecutive sentences on the three remaining convictions. Petitioner then filed a pro se petition for leave to appeal to the Illinois Supreme Court, which was denied on September 27, 2006.

Petitioner was resentenced on remand, and he timely appealed his sentence to the Illinois Appellate Court. His current appeal is pending, and briefs are due in February 2008.

## **DISCUSSION**

A federal court may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, petitioner makes six claims in his habeas petition: (1) that the trial court violated his due process rights under the Fifth and Fourteenth Amendments of the Constitution; (2) that his trial counsel was ineffective; (3) that the appellate court violated his due process rights under the Fifth and Fourteenth Amendments; (4) that his sentence violates his equal protection rights under the Fifth and Fourteenth Amendments and the guarantee against cruel and unusual punishment under the Eighth Amendment; (5) that his post-conviction counsel was ineffective; (6) that his due process rights under the Fifth Amendment, his right to a trial by jury under the Seventh Amendment, and his right to effective assistance under the Sixth Amendment were violated.

However, before a federal court can entertain a petition for writ of habeas corpus, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not exhausted his available state remedies if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has not met this obligation with respect to his fourth and fifth claims in his habeas petition. His fourth claim, a constitutional challenge to his sentence, and his fifth claim, that his post-conviction counsel was ineffective, have not been fully and fairly presented at the state appellate level, and his petition thus contains exhausted and unexhausted claims. Petitioner still has an appeal for post-conviction relief pending in the Illinois Appellate Court.

When a petition for a writ of habeas corpus contains exhausted and unexhausted claims, a district court must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The petitioner then has the choice to return to state court to exhaust his claims or to resubmit his habeas petition, presenting only exhausted claims. *Id.* A petition that contains exhausted and unexhausted claims should only be stayed in limited circumstances, such as when there is a risk that the petitioner's claims may become time-barred. *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005). Petitioners have a one-year period of limitation to file a habeas petition, which shall run from the latest of (1) the date on which the judgment became final, (2) the date on which the impediment of filing an application created by State action in violation of the Constitution is removed, (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, or (4) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled during the time a collateral review is pending. 28 U.S.C. § 2244(d)(2). In this case, because petitioner's post-conviction appeal is still pending in the Illinois Appellate Court, the statute of limitations on his habeas petition is tolled. Therefore, there is no concern that the claims in his petition will become time-barred.

For these reasons, petitioner's petition for writ of habeas corpus is dismissed without prejudice.

## **CONCLUSION**

For the foregoing reasons, we grant the respondent's motion to dismiss the petitioner's petition for writ of habeas corpus (#15) without prejudice.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Date: November 28, 2007